UNITED STATES DISTRICT COURT
for the
Northern District of California

| United States of America | ) |
| v. | ) |
| Mounir Gad, | ) Case No. CR 21-71846-MAG |
| | ) |
| | ) |
| | ) |
| | ) |
| *Defendant(s)* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **October 27, 2021** in the county of **Santa Clara** in the **Northern** District of **California**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Count 1: 18 U.S.C. § 1512(c)(1);<br>Count 2: 18 U.S.C. § 1028(a)(7);<br>Count 3: 18 U.S.C. § 401(1) | Count 1: Tampering with documents or proceedings (documents and witnesses);<br>Count 2: Using another person's means of identification without lawful authority;<br>Count 3: Criminal contempt<br><br>Penalties: See penalty sheet, attached hereto and incorporated by reference. |

This criminal complaint is based on these facts:

See affidavit of FBI Special Agent Francesca Cheli, attached hereto and incorporated by reference.

☑ Continued on the attached sheet.

/s/ Francesca Cheli
*Complainant's signature*

Approved as to form *Sarah C. Griswold*
AUSA Sarah Griswold

Francesca Cheli, Special Agent, FBI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: November 19, 2021

*Judge's signature*

City and state: Oakland, CA

Kandis A. Westmore, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Francesca Cheli, Special Agent with the Federal Bureau of Investigation, being duly sworn, state:

## INTRODUCTION

1. I am an investigator and law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7). I am empowered by law to conduct investigations, to execute search warrants, and to make arrests for offenses of Federal law, including witness tampering, identity theft, and criminal contempt.

2. I make this affidavit in support of a Criminal Complaint charging **Mounir Gad** with one count of tampering with documents or proceedings (documents and witnesses) in violation of 18 U.S.C. § 1512(c)(1) (Count 1), one count of using another person's means of identification without lawful authority in violation of 18 U.S.C. § 1028(a)(7) (Count 2), and one count of criminal contempt in violation of 18 U.S.C. § 401(1) (Count 3).

3. The facts in this affidavit come from my personal observations, my training and experience, information from records and databases, and information obtained from other agents and witnesses. Because this Affidavit is submitted for the limited purpose of establishing probable cause for a criminal complaint, I have not included each and every fact known to me about this case. Rather, I have set forth only the facts that I believe are necessary to support probable cause for a criminal complaint.

## AFFIANT BACKGROUND

4. I am a Special Agent with the FBI and have been since May 2019. I am currently assigned to the San Francisco Division of the FBI, where I investigate white collar crimes. I completed the five-month FBI Special Agent Basic Training program at the FBI Academy in Quantico, Virginia. During the course of my employment with the FBI, I have investigated and assisted in the investigation of criminal violations relating to complex financial crimes including securities fraud. During these investigations, I have participated in and used the following investigative tools: conducting physical surveillance, conducting interviews, executing and writing arrest warrants, search warrants, and seizure warrants, analyzing financial records, and collecting and processing evidence.

## APPLICABLE LAW

5. Title 18, United States Code, Section 1512(c)(1) makes it unlawful for any person to corruptly alter a record, document, or other object with the intent to impair the object's integrity or availability for use in an official proceeding.

6. Title 18, United States Code, Section 1028(a)(7) makes it unlawful for any person to knowingly use, without lawful authority, a means of identification of another person with the intent to commit or in connection with any unlawful activity that constitutes a violation of Federal law, or that constitutes a felony under any applicable State or local law, where the use of

the means of identification of another person is in or affects interstate or foreign commerce, including the transfer of a document by electronic means.

7. Title 18, United States Code, Section 401(1) makes it unlawful for any person to willfully misbehave in the presence of or so near the presence of a court of the United States as to obstruct the administration of justice.

## STATEMENT OF PROBABLE CAUSE

8. Mounir Gad pleaded guilty to two counts of securities fraud in *United States v. Mounir Gad*, Case No. 5:21-cr-261-LHK (N.D. Cal.). Through his attorney, Gad submitted twelve letters of support to the Court on October 27, 2021, in advance of his sentencing. Three of the submitted letters were substantively altered from the versions written by Gad's references for his sentencing without the authors' knowledge. An additional three of the submitted letters were not written by the purported authors for his sentencing and were submitted to the Court without the purported authors' knowledge.

9. B.L wrote Gad a support letter for his sentencing and attended the sentence on November 3, 2021. During the sentencing, B.L. heard the Court reference statements in a letter submitted in her name that she had not written and were not true. She then reached out to Gad's defense attorney.

10. A subsequent hearing was held on November 10, 2021, during which Gad admitted to altering B.L.'s letter. The Court indicated, "What I considered and what I found to be very compelling about this letter, are lies that Mr. Gad put in the letter." Gad denied altering any other letters.

11. Gad's defense attorney e-filed the altered and purported letters through CM/ECF. A public DNS record lookup shows that the defense attorney's work email provider's service is associated with Proofpoint. According to its website, Proofpoint provides virtual services including email security and protection from "malware and non-malware email threats, such as email fraud –also known as business email compromise (BEC)."[1] Based on the nature of the services Proofpoint provides, this means any email the attorney receives passes through the Proofpoint infrastructure.

12. According to open sources, including the Proofpoint website, Proofpoint's United States-based data centers are located in Utah and Atlanta.[2] This means that any email the attorney receives through his work email address passes through another state before reaching him in California.

/ / /

---

[1] *See* https://www.proofpoint.com/us/products/email-security-and-protection (last accessed by the affiant on November 15, 2021).

[2] *See* https://help.proofpoint.com/Proofpoint_Essentials/Email_Security/Administrator_Topics/000_gettingstarted/020_connectiondetails (last accessed by the affiant on November 15, 2021).

2

**Altered Support Letter of B.L. (Counts 1, 2, and 3)**

13.     B.L. wrote Gad a support letter in advance of his sentencing.  In that letter, B.L. wrote that she has known Gad for approximately 30 years.  During the hearing on November 10, 2021, B.L. said that she stands by the parts of her letter that she wrote, but that "the parts that he [Mounir] wrote are not true."  B.L. told me that she emailed the true letter to Gad.  Gad altered the letter without B.L.'s knowledge.  He deleted some portions and added others.  For example, Gad added two false paragraphs about how he saved B.L.'s life.  Purporting to be B.L., Gad wrote:

> I told him I was going to take my life. Mounir in the way only he could, saved me. He didn't even tell me not to do it. He told me to hang tight so at least I can hug him before I did. When he came over he told me all about how he did what he did, how he hated himself for breaking the law, and how what his ex-wife was doing to him and all the pain she was causing to so many was so much. He explained to me that doing the less than ideal or moral thing – how taking the easy route or what "seems right in the moment" is always wrong. Ultimately, he walked me off the ledge. He saved my life with his story, with his accountability, and with his dignity.

Gad also added additional paragraphs about his and B.L.'s respective children and doing the next right thing.  Gad admitted to altering B.L.'s letter in the hearing on November 10, 2021.  Based on Gad's in-court admissions, his opportunity and motive to alter B.L.'s letter, and the content of the alterations, I believe Gad altered B.L.'s true letter and provided it to his attorney for submission to the Court in support of a favorable sentence in his federal criminal case.  Further, I believe that the same considerations provide circumstantial evidence that Gad altered and fabricated five additional letters, as described below.

**Altered Support Letter of W.I. (Count 3)**

14.     W.I. told me that has known Gad since Gad was a young boy through church.  W.I. wrote Gad a support letter, and emailed it to Gad.  W.I.'s letter recounted that Gad grew up in their church, played basketball, and is raising his son in the church.  The following paragraph was added to W.I.'s letter without W.I.'s knowledge:

> It is worth noting that not once did Mounir shy away from his decision here, or any decision. With that, he did not even bother making excuses or rationalizing. I view this as extremely rare and admirable. Since this incident, I've personally witnessed consistent growth in character and execution to make our world better and be productive in a moral and ethical way, always. Mounir is a natural leader who has gone though [sic] a lot and that is what shapes him and makes him such a great mentor and example for so many kids that look up to him.

In the true letter, W.I. did not reference the crime at all.

/ / /

/ / /

**Altered Support Letter of J.K. (Count 3)**

15. J.K. wrote Gad a support letter describing how she has seen him grow into a caring father, and that he is honest and growing from his mistakes. J.K. told me she emailed this letter to Gad. This letter was altered without J.K.'s knowledge. For example, a paragraph was added stating that Gad is J.K.'s sons' "one favorite person in this world" and that he teaches them "how to win but more importantly how to lose." Additionally, the following language was added: "I can personally vouch for Mounir as having the highest integrity and character," that "[w]e should all strive to be more like Mounir and leave an impact on this world like he does." The altered letter was put on letterhead purporting to be J.K.'s true employer without J.K.'s permission or knowledge.

**Purported Support Letter of J.E. (Count 3)**

16. J.E. told me she is Gad's ex-fiancé. She did not write him a support letter. However, a letter was submitted to the Court in her name without her knowledge. J.E. did not know Gad was under investigation by government entities until approximately July 2, 2021. The letter purportedly from J.E. provided: "This whole case became public in August, less than 2 months prior to when Mounir and I were slated to be married (today, 9/5/2021). I, of course, was supportive because he was honest with me about it and had already known."

17. Among the other statements purportedly from J.E., are the following:

In summary: ***that day this whole ordeal became public he lost his Job, Finance, Freedom, sparking clean reputation over 35 years of being an example for the community, and so much more. He voluntarily made it worse on himself, for the betterment of others.***

He never shied away from anything, which I would guess 95% of people would. Even today, albeit heartbroken and hurt: he focuses on not letting it crush him and determined to have someone benefit/learn from all his pain.

***Mounir is the greatest man I will ever know.***

(Emphasis in original).

**Purported Support Letter of A.F. (Count 3)**

18. A.F. told me knows Gad because Gad volunteered for A.F.'s organization. A.F. wrote a support letter in 2016 for Gad in relation to a child custody hearing. A.F. did not write Gad a support letter for Gad's sentencing. A letter purportedly from A.F. in support of Gad was submitted to the Court in A.F.'s name without A.F.'s knowledge.

**Purported Support Letter of T.K. (Count 3)**

19. T.K. told me that he wrote a support letter in February 2016 for Gad during Gad's divorce. In that letter, T.K. wrote that he has known Gad since approximately 2008. T.K. did not write a support letter for Gad's sentencing. T.K. did not learn that Gad was under

4

investigation until October 2021, after the document put forward as T.K.'s support letter for Gad was filed with the Court. The letter filed with the Court appears to contain an altered date and the content of the 2016 letter. It was submitted without T.K.'s knowledge. For example, purporting to be T.K., this letter provides:

> Mounir owned his financial mistake, just like he does anything in life. Even in mistake, he does it right and sets an example. He owned it with no hiding behind anything. He cried in my arms as he took ownership and accountability. I didn't have to say anything before he vowed to be a better man each day "from now until forever."

Purporting to be T.K., the letter also provides, "If my kids could grow up to be half the man that Mounir is, I would be more than thrilled," and "I hope our great Justice System can see just how much Mounir has paid already and just how genuinely sorry he is. I would venture to say 9/10 people would hide from this, or at best admit it but rationalize it somehow."

## CONCLUSION

20. Based on the foregoing, I hereby assert that probable cause exists to believe that **Mounir Gad** violated 18 U.S.C. § 1512(c)(1) (Count 1), 18 U.S.C. § 1028(a)(7) (Count 2), and 18 U.S.C. § 401(1) (Count 3).

/s/ Francesca Cheli
_____
FRANCESCA CHELI
Special Agent
Federal Bureau of Investigation

Sworn to before me over the telephone and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d) on this 19th day of November 2021.

_____
THE HONORABLE KANDIS A. WESTMORE
United States Magistrate Judge

# Penalty Sheet
## United States v. Mounir Gad

Count 1: 20 years prison, 5 years supervised release, fine of $250,000; $100 special assessment per count

Count 2: 5 years prison, 3 years supervised release, fine of $250,000; $100 special assessment

Count 3: prison to be determined by the Court, supervised release to be determined by the Court, fine to be determined by the Court; $100 special assessment